HOOD, Judge
(dissenting).
I cannot concur in the views expressed by the majority. In my opinion, the trial court correctly held that the plaintiff was not entitled to an injunction prohibiting the defendant from using the trade name “Lake Auto Supply” for his business located in Lake Arthur, Louisiana.
The term “Auto Supply” is not only different from “Auto Parts,” but it also is descriptive of the type of business, and the plaintiff certainly has acquired no monopoly with regard to appellations similar to this in the territory served by it. Likewise, the term “Lake” is a geographical designation given to areas situated near a lake and towns named for a lake, such as Lake Arthur and Lake Charles.
The use of “Lake” in the trade name of a business is common in Lake Charles. *574 Aside from the trade name of the present plaintiff (“Lake Auto Parts"), I counted twenty other businesses with “Lake” prefixes to their trade names in the March, 1963, Lake Charles city telephone directory, including such derivatives as “Lake City,” ■“Lake Side,” etc.
As the trial court found, the slight initial confusion resulting from the similarity of defendant’s trade name with that of plaintiff.’s, was soon cleared up and, .in fact, the plaintiff has not been and is not actually prejudiced by the defendant’s adoption of this name for his own new business conducted in Lake Arthur, Louisiana.
Thus, even though it be conceded that plaintiff’s well established business may have given its geographically-designated trade name a secondary meaning identifying it with the plaintiff’s particular business, nevertheless the law of Louisiana does not, under the above facts, permit the plaintiff to obtain an injunction. As stated in Home Beverage Service v. Baas, 210 La. 873, 28 So.2d 481, 486, even though a plaintiff’s geographically-designated trade name has acquired such a secondary meaning, the plaintiff cannot prevent defendant from using such trade name if “the defendant was not guilty of unfair competition, specifically, of any representation that the business establishment conducted by him was the establishment owned and conducted by the plaintiff.”
In distinguishing the facts in the Home Beverage case, supra, from those in the instant suit the majority points out that in that case one of the reasons for denying injunctive relief was that the names of the two businesses “would appear in different parts of the phone book.” They apparently have overlooked the fact that in the present suit the names of the two businesses involved will not appear in the same phone book at all, since these establishments are located in different cities. But, even if these two names should appear adjacent to each other in the same phone book the difference in the names alone should indicate that they designate and relate to separate businesses.
In my belief, therefore, the majority opinion of this court is in conflict with the controlling jurisprudence enunciated by the Louisiana Supreme Court in the Home Beverage case cited above, and this court thus is in error in reversing our trial brother who had followed that jurisprudence.
For these reasons, I respectfully dissent from the judgment rendered by the majority.